DAWSON v. KINNEY.

(Circuit Court, E. D. Pennsylvania. April 6, 1906.)

No. 14.

REMOVAL OF CAUSES—DELAY IN PROSECUTION—DISMISSAL.

Where, after removal from the state court, a rule was granted on the plaintiff in the federal court to show cause why the case should not be proceeded with, though plaintiff's counsel has been negligent, the federal court is not authorized to enter an order of nonsuit and dismissal and award defendant costs, with judgment and execution against plaintiff for the same, but can only dismiss the proceedings and remand them to the state court.

Walter Stradling, for plaintiff.
Robert D. Kinney, in pro. per.

HOLLAND, District Judge. Upon an examination of the removal proceedings filed in this court in the above mentioned suit, I find that a judgment was obtained by the plaintiff against the defendant in the court of common pleas of Philadelphia county on January 12, 1900. Subsequently, a rule was presented to open this judgment, and this was dismissed, and later a fi. fa. issued and the judgment revived, after which the petition was presented for a removal to this court. A rule was granted on the plaintiff in this court to show cause why the case should not be proceeded with. Nothing has been done on this motion, and the defendant now asks that an order of nonsuit and dismissal be entered, and costs awarded defendant with judgment and execution against the plaintiff for the same.

While it is true the plaintiff's counsel has entirely neglected to attend to the matter in this court, yet we have no authority to enter the rule asked for by defendant's counsel. We cannot disturb the judgment entered in the state court, and the only rule we are authorized to enter is to dismiss the proceedings and remand them to the court of common pleas of Philadelphia county; and it is so ordered.